David B. Sunshine (DS 0973)
**COZEN O'CONNOR**
277 Park Avenue
New York, New York 10172
(212) 883-4900
dsunshine@cozen.com
Attorneys for Plaintiff
EDI International, Inc.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| EDI INTERNATIONAL, P.C., | |
| Plaintiffs, | Case No. |
| v. | **JURY TRIAL DEMANDED** |
| CRESTWOOD STATION PLAZA, LLC, JOHN DOES 1-10 | |
| Defendant. | |

**COMPLAINT**

Plaintiff EDI International, Inc. ("Plaintiff" or "EDI"), for its Complaint against Crestwood Station Plaza, LLC, ("Defendant" or "Crestwood Station") states as follows.

**Jurisdiction and Venue**

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States, 17 U.S.C. § 101 *et seq*.

2. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) (jurisdiction over copyright actions).

3. This Court has personal jurisdiction over the Defendant by virtue of its transacting, doing, and soliciting business in this District, and because a substantial part of the

relevant events giving rise to this action occurred in this District and because a substantial part of the property that is the subject of this action is situated here.

4. Venue is proper in this District under 28 U.S.C. 1391(b) – (c) and/or 28 U.S.C. 1400(a). A substantial part of the acts infringement complaint of herein occurs or has occurred in this District, and/or this is a judicial district in which Defendant resides or can be found.

## Parties

5. Plaintiff EDI International, P.C. is a professional corporation organized under the laws of the state of New Jersey with its principal place of business at 51 East 12th Street, New York, NY 10003.

6. Upon information and belief, defendant Crestwood Station Plaza, LLC is a New York limited liability company with an address at 111 Lake Avenue, Tuckahoe, New York 10707.

7. The true names and capacities, whether individual, corporate, or otherwise, of the Defendants sued as Does 1 through 10 are unknown to Plaintiff, who, therefore, sue them by such fictitious names. At such time as their true names and capacities have been ascertained, Plaintiff will seek leave of Court to amend this Complaint accordingly. On information and belief, Plaintiff alleges that each of Does 1 through 10 was the agent, representative, or employee of each of the other Defendants and was acting at all times within the scope of his/her agency or representative capacity, with the knowledge and consent of Defendant, and that each of Does 1 through 10 are liable to Plaintiff in connection with one or more of the claims sued upon here and are responsible in some manner for the wrongful acts and conduct alleged here.

**Facts Common to All Claims**

8.      Established in 1976, EDI is a global architecture, interior design and planning firm specializing in commercial, leisure, hospitality, residential, planning and landscape architecture projects.

9.      In or about August 2012, StreetWorks Development d/b/a Crestwood Loft Partners ("StreetWorks") hired EDI as the architect for a new development project for a residential apartment complex located at 300 Columbus Avenue, Tuckahoe, New York (hereinafter, the "Crestwood Project").  Upon information and belief, StreetWorks was then the developer of the Crestwood Project.

10.     StreetWorks hired EDI to create the architectural design for the Crestwood Project which was to include a site plan, floor plans and exterior elevations.  StreetWorks also hired EDI to perform additional design development work and to create other construction documents as needed for the Crestwood Project.

11.     At the time StreetWorks hired EDI for the Crestwood Project, the only materials created by StreetWorks in connection with the Crestwood Project was a generalized conceptual design.

12.     On or about August 1, 2012, EDI and StreetWorks executed a contract for EDI's services (the "Contract").  That contract contained the following clause:

> All architectural documents prepared by Architect pursuant to this Contract are instrumentalities of the Architect's services and are Architect's property solely for use by the Client only on this Project.  Use of architectural documents on other projects shall not be permitted without the Architect's written consent.

13.     Pursuant to the Contract, EDI created a series of original architectural drawings for the Crestwood Project. The architectural drawings needed to be highly unique and specialized owing to the fact that the underlying lot was of irregular size and shape.

3

14.     StreetWorks accepted the architectural drawings created by EDI.  However, StreetWorks never paid EDI in full for those drawings or the other services performed by EDI under the contract.

15.     In our about 2013, EDI learned that StreetWorks was having financial difficulties and was unable to pay its debts.  EDI also learned that StreetWorks was in litigation with other entities involved in the Crestwood Project.

16.     In or about 2014, EDI learned that Defendant had taken over as the developer for the Crestwood Project.  Because Defendant never approached EDI about using EDI's plans for the Crestwood Project, EDI assumed that Defendant had hired its own architect in order to create new drawings or plans which were different from the architectural drawings created by EDI.

17.     In or about 2015, to its surprise, EDI learned that Defendant and its agents were using virtually the same plans that EDI created in connection with the Crestwood Project.

18.     By way of example, below is a comparison of the original architectural plans created by EDI with a mock-up image of the façade of the Crestwood Project obtained from Defendant's marketing website for that project:



19. By way of further example, below is a comparison of the original floor plans created by EDI along with the copycat floor plans currently being used by Defendant for the Crestwood Project:

| **EDI Floor Plan** | **Crestwood Project Floor Plan** |



20. As demonstrated above, the architectural plans as well as the floor plans currently being used in connection with the Crestwood Product are virtually identical to those created by EDI.

21. As part of the Crestwood Project, Defendant has made unauthorized copies of EDI's architectural plans which is a violation of EDI's exclusive rights.

22. In addition, the building of the residential complex constitutes an unauthorized derivative work of EDI"s exclusive rights.

23. On or about July 30, 2013, EDI procured U.S. Copyright Registration No. VA 1-872-213 entitled "Crestwood" for the architectural plans it created in connection with the Crestwood Project. A copy of the Copyright Registration is attached as Exhibit 1.

24. For its own profit and advantage, Defendant is misappropriating the non-transformed, copyrighted material in which each EDI has invested heavily. Defendant's Crestwood Project relies substantially on the copyrighted content of EDI's architectural drawings. Defendant has promoted the Crestwood Project to potential agents and tenants via at least a website located at "theavenuecrestwood.com."

25. EDI has demanded that Defendant stop copying, publicly displaying and creating derivative works of EDI's copyrighted work without its consent. However, as of the date of this Complaint, Defendant has refused to cease its infringing activities.

26. Defendant's conduct has been in willful violation of EDI's warnings to Defendant that EDI does not want its original content used in connection with the Crestwood Project without fair and just compensation.

LEGAL\24140444\1

## **FIRST CLAIM FOR RELIEF**

## **(Federal Copyright Infringement)**

27. EDI incorporates by reference all the allegations of paragraphs 1 through 24 herein.

28. EDI is the author of the architectural plans for the Crestwood Project and owns U.S. Copyright Registration No. VA 1-872-213 for those plans.

29. EDI has complied in all respects with 17 U.S.C. §§ 101 *et seq.*, and secured the exclusive rights and privileges in and to the copyright of the above-referenced work. EDI has been and still is the sole proprietor of all rights, title, and interest in and to the copyright in their respective work as referenced above.

30. Defendant's conduct violates the exclusive rights belonging to EDI as owners of the copyright in its architectural plans, including without limitation EDI's rights under 17 U.S.C. § 106.

31. Defendant has not acted reasonably or in good faith in response to EDI's notice of infringement.

32. Defendant's acts of infringement have been willful, intentional, in disregard of and indifference to EDI's rights.

33. Upon information and belief, as a direct and proximate result of its wrongful conduct, EDI is entitled to damages and Defendant's profits and future profits pursuant to 17 U.S.C. § 504 for each infringement.

34. Alternatively, EDI is entitled to the maximum statutory damages, pursuant to 17 U.S.C. and § 504(c), in the amount of $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c).

8

35. EDI is further entitled to its attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

36. Defendant's infringing conduct has also caused and is causing substantial and irreparable injury and damage to EDI which cannot be fully measured or compensated by money and, unless restrained by this Court, will cause further irreparable injury, leaving the Plaintiffs with no adequate remedy at law. Pursuant to 17 U.S.C. 502, EDI is entitled to injunctive relief prohibiting further infringement by EDI's copyright.

## **PRAYER FOR RELIEF**

**WHEREFORE**, EDI prays for judgment against Defendant as follows:

A. Declaring that Defendant's unauthorized conduct violates EDI's rights under the Federal Copyright Act;

B. Immediately and permanently enjoining Defendant, their officers, directors, agents, servants, employees, representatives, attorneys, related companies, successors, assigns, and all others in active concert or participation with them from copying, republishing and/or making derivative works of EDI's copyrighted material without consent or otherwise infringing EDI's copyrights or other rights in any manner including enjoining Defendant from further construction on the Crestwood Project;

C. Ordering Defendant to account to EDI for all gains, profits, and advantages derived by Defendant by its infringement of EDI's copyright as are proper, and since Defendant intentionally infringed EDI's copyright, for the maximum allowable statutory damages for each violation;

D. Awarding EDI actual and/or statutory damages for Defendant's copyright infringement in an amount to be determined at trial;

E.	Awarding EDI its costs, reasonable attorneys' fees, and disbursements in this action, pursuant to 17 U.S.C. § 505; and

F.	Awarding EDI such other and further relief as is just and proper.

Dated: September 15, 2015								Respectfully submitted,

By: /s/David B. Sunshine
David B. Sunshine (DS 0973)
dsunshine@cozen.com
**COZEN O'CONNOR**
277 Park Avenue
New York, New York 10172
(212) 883-4900

Attorneys for Plaintiff
EDI International, Inc.